**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA BUSH and JOSEPH BUSH, in their own right and as parents of their infant daughter A.B., | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-04591 |
| v. | ) | Judge |
| LUDLOW COMMUNITY CONSOLIDATED SCHOOL DISTRICT 142; HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS; QUALITY NETWORK SOLUTIONS, INC. BENEFIT PLAN; AETNA LIFE INSURANCE COMPANY; PEDIATRIC FACULTY FOUNDATION, INC.; SILVER CROSS HOSPITAL AND MEDICAL CENTERS; and VISION FINANCIAL RECOVERY, INC., | ) | Magistrate Judge<br><br>**DEFENDANT AETNA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)**<br><br>State Court Complaint filed: June 13, 2021<br><br><u>Accompanying Documents</u><br>Declaration of Gina Sparks<br>Declaration of Craig A. Jacobson |
| Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Aetna Life Insurance Company ("Aetna") submits this Notice of Removal of this action, captioned *Christina Bush and Joseph Bush, in their own right and as parents of their infant daughter A.B. v. Ludlow Community Consolidated School District 142*, *et al.* and bearing civil case number 2021CH000186, from the Circuit Court of the 12th Judicial Circuit of Illinois, Will County to the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(a), Aetna states as follows:

1. On June 13, 2021, Plaintiffs Christina Bush and Joseph Bush, in their own right and as parents of their infant daughter A.B. ("Plaintiffs"), filed a Complaint in the Circuit Court of the 12th Judicial Circuit of Illinois, Will County. Plaintiffs allege that their daughter A.B. was born

on March 28, 2019 at Silver Cross Hospital, and required hospitalization at Silver Cross Hospital during March and April of 2019, including a stay in the neonatal intensive care unit. (**Exh. A**, Complaint, at ¶¶ 15-16). Plaintiffs also claim that A.B. required treatment by physicians associated with Pediatric Faculty Foundation. (*Id.*, at ¶ 17). According to the Complaint, Silver Cross Hospital hired Defendant Vision Financial Recovery, Inc. to recover the unpaid amount from Plaintiffs. (*Id.*, at ¶ 41). Plaintiffs bring a claim for declaratory judgment and equitable relief under Illinois contract law against Defendants Pediatric Faculty Foundation, Inc., Silver Cross Hospital and Medical Centers, and Vision Financial Recovery, Inc. (*Id.*, at ¶¶ 62-66). Plaintiff Christina Bush brings an additional claim against Defendant Vision Financial Recovery, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA").

2. Plaintiffs allege one claim against Aetna for damages pursuant to 29 U.S.C. 1132 of the Employee Retirement Income Security Act ("ERISA") of 1974. (*Id.*, at ¶¶ 49-51). The only other defendant joined under this claim for relief is Defendant Quality Network Solutions, Inc. Benefit Plan. (*Id.*) Plaintiffs allege that Aetna was an administrator for Defendant Quality Network Solutions, Inc. Benefit Plan obtained through Plaintiff Joseph Bush's employer, Quality Network Solutions, Inc. (**Exh. A,** Complaint, at ¶¶ 21-24). Plaintiffs further allege that Plaintiff Joseph Bush was covered under the applicable plan and that the plan provided coverage for a newborn for thirty-one days. (*Id.*, at ¶¶ 21, 22). Plaintiffs also allege that Aetna originally paid some of the claims, but they received a letter from Aetna dated May 21, 2020 denying their claims for treatment of A.B. (*Id.*, at ¶ 25, 28). Plaintiffs further claim that by letter dated May 27, 2020, Defendant Pediatric Faculty Foundation, Inc. notified them that "Aetna had reversed its payment and denied all claims relating to [A.B.'s] hospitalization, claiming there was some issue regarding coordination of benefits with Blue Cross and that necessary information had not been provided."

(*Id.*, at ¶ 27). According to Plaintiffs, they have appealed to Aetna, but the appeal has been ignored and any deadlines for filing an appeal have been extended because of the COVID-19 pandemic. (*Id.*, at ¶¶ 42-43).

3. In addition, Plaintiffs also allege that Plaintiff Christina Bush was covered under a medical benefits plan obtained through her employer, Defendant Ludlow Community Consolidated School District 142 ("Ludlow") and that the Ludlow plan expressly provided coverage for newborns for thirty-one days. (**Exh. A,** Complaint, at ¶¶ 19-20). Plaintiffs also allege that the Ludlow plan was "administered by Blue Cross Blue Shield." (*Id.*, at ¶ 25). According to Plaintiffs, Blue Cross Blue Shield also originally paid some of the claims and it issued several letters preapproving the services at issue. (*Id.*, at ¶ 26). Plaintiffs claim that they called both Aetna and Blue Cross Blue Shield in conference calls, "so that each knew of the other's coverage and any coordination problem should have been resolved." (*Id.*, at ¶ 32). Plaintiffs allege that they ultimately received the claim denial from Blue Cross Blue Shield on January 15, 2021. (*Id.*, at ¶ 35). As with Aetna, Plaintiffs contend that they have appealed to Blue Cross Blue Shield, but the appeal has been ignored and any deadlines for filing an appeal have been extended because of the COVID-19 pandemic. (*Id.*, at ¶¶ 42-43). Thus, Plaintiffs allege that Blue Cross Blue Shield also wrongfully attempted to avoid paying for A.B.'s treatment. (*Id.*, at ¶ 44). Accordingly, Plaintiffs bring a claim for breach of contract against "Defendants Ludlow Community Consolidated School District 142 and Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois." (*Id.*, at ¶¶ 46-48). Plaintiffs also bring a claim for violation of 215 ILCS 5/154.6 against Defendant Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois. (*Id.*, at ¶¶ 52-56). Finally, Plaintiffs bring a claim for violation of 815 ILCS 505/2 against Defendant Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois. (*Id.*, at ¶¶ 57-61).

**VENUE AND SUBJECT MATTER JURISDICTION**

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and one that may be removed to this Court by Aetna pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1446(a), Aetna files this notice as required, "in the district court of the United States for the district and division within which [the Will County] action is pending."

5. Aetna maintains that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where the action is pending. Removal to the United States District Court for the Northern District of Illinois is appropriate because the removed state court action was filed in the Circuit Court of the 12th Judicial Circuit of Illinois, Will County, which is located within this judicial district.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, which states that the district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treatises of the United States." Plaintiffs' only claim against Aetna is for damages pursuant to 29 U.S.C. 1132 of ERISA. (**Exh. A,** Complaint, at ¶¶ 49-51). This Court has original jurisdiction over this action under 29 U.S.C. § 1132(e) because this action relates to an employee benefit plan.

**BASIS FOR FEDERAL QUESTION JURISDICTION**

7. The District Courts of the United States have original jurisdiction over, and federal ERISA law controls, actions brought to recover benefits and to enforce rights under employee benefit plans. 29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-

pleaded complaint raises issues of federal law." *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)). Removal by Aetna is therefore proper under 28 U.S.C. § 1441(b) because this action arises under the governing provisions of ERISA, including 29 U.S.C. § 1144(a) and 29 U.S.C. § 1132.

8. 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" or "welfare plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, death or unemployment …"

9. According to the Complaint, Plaintiff Joseph Bush was covered under the Quality Network Solutions, Inc. Benefit Plan ("Plan") obtained through his employer, Quality Network Solutions, Inc. (**Exh. A,** Complaint, at ¶¶ 21-24). Plaintiffs also allege that the Plan "expressly provided for coverage of a newborn for 31 days." (*Id.*, at ¶ 22). A.B. was born on March 28, 2019 at Silver Cross Hospital, and required hospitalization at Silver Cross Hospital during March and April of 2019, including a stay in the neonatal intensive care unit. (*Id.*, at ¶¶ 15-16). The claim against Aetna arises from Plaintiffs' claims that Aetna's "denial of benefits to Plaintiffs is inconsistent with the plan, arbitrary, capricious, and legally and contractually unsupportable, in violation of 29 U.S.C. § 1132 [of ERISA]." (*Id.*, at ¶¶ 50-51). Plaintiffs also claim that Aetna is "wrongfully attempting to avoid paying for an expensive hospital stay . . ." (*Id.*, at ¶ 44). Thus, Plaintiffs bring their claim against Aetna pursuant to 29 U.S.C. § 1132 of ERISA and seek a declaration that Aetna is liable to cover the hospital and medical expenses at issue, an order for

Aetna to pay such expenses, appropriate damages, and attorneys' fees, litigation expenses, and costs pursuant to 29 U.S.C. § 1132. (*Id.*, at ¶¶ 49-51).

10. The Plan to which Plaintiff Joseph Bush claims he and A.B. are covered under, and under which Plaintiffs pursue their claim Aetna, is an employee benefits plan, sponsored by Quality Network Solutions, Inc., and governed by ERISA. (**Exh. C**, Declaration of Gina Sparks ("Sparks Decl."), ¶ 4, Exh. 1, at 109-11). Quality Network Solutions, Inc. is the Plan Administrator. (*Id.*, at Exh. 1, at 109). Aetna administers the claims for benefits under the Plan. (*Id.*). At all times relevant to this action, Plaintiff Joseph Bush was a member enrolled in the Plan. (*Id.*, at ¶ 4).

11. Plaintiffs filed their action in the Circuit Court of the 12th Judicial Circuit of Illinois, Will County. However, Plaintiffs' claims against Aetna are preempted by ERISA and raise a federal question, which is the original jurisdiction of Federal Courts. Complete preemption applies because Plaintiffs' claims against Aetna relate to an ERISA plan under 28 U.S.C. § 1144(a) and fall within the scope of ERISA's civil enforcement provision under 29 U.S.C. § 1132.

12. The enforcement of rights under ERISA plans are governed exclusively by ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 52. 29 U.S.C. § 1132(a) sets forth ERISA's civil enforcement provision and provides that a civil action may be brought by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus, since Plaintiffs allege claims for benefits under Plaintiff Joseph Bush's ERISA Plan, their claim against Aetna falls squarely within the scope of ERISA's civil enforcement provision, and Plaintiffs are limited to recovering plan benefits against Aetna.

13. Pursuant to 29 U.S.C. § 1332(e)(1), both federal and state courts have concurrent jurisdiction when a plaintiff is seeking to recover benefits under ERISA. State action to enforce ERISA benefit rights is a federal question that can be removed; thus, removal to Federal Court of Plaintiffs' claim against Aetna pursuant to a plan regulated by ERISA is proper in this matter. *Metropolitan Life Ins. Co.*, 481 U.S. at 65-66 (holding that ERISA completely preempts and transforms plaintiff's state law claim into a federal claim).

14. Furthermore, ERISA "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). The United States Supreme Court has given the phrase "relate to" an expansive meaning, holding that a state law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). ERISA preemption applies if the state law claim seeks the benefits under an ERISA plan. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-211 (2004).

15. ERISA preemption is not limited to statutes and rules, but also includes common law causes of action related to ERISA plans. *Pilot Life Ins. Co.*, 481 U.S. at 47-48. ERISA's preemptive provisions are "deliberately expansive." *Id.* at 45-46.

16. Furthermore, Plaintiffs cannot rely on "artful pleading" to plead around complete ERISA preemption. The general rule is that removal is improper unless a federal claim appears on the face of a well-pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Under the "artful pleading" doctrine, however, a court may re-characterize a plaintiff's claims as federal if the conduct complained of is governed exclusively by federal law. *Metropolitan Life Ins. Co.*, 481 U.S. at 65-66; *see also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir. 1992) ("Just so, a complaint reciting that the claim depends

on the common law of contracts is *really* based on [ERISA] if the contract in question is a pension plan. Congress has blotted out (almost) all state law on the subject of pensions, so a complaint about pensions rests on federal law no matter what label its author attaches. Any suit based on federal law may be removed to federal court . . . So a suit about pensions is federal litigation at the defendant's option . . . Any other approach allows crafty drafting to defeat the statutory right to remove.") (emphasis in original) (internal citations omitted).

17. Here, while Plaintiffs have explicitly brought their claim against Aetna pursuant to 29 U.S.C. § 1132 of ERISA and have not alleged state law claims against Aetna, thus any attempt to circumvent complete ERISA preemption by adding state law claims against ERISA would be improper. Since Plaintiffs' claim against Aetna stems from a purported failure by Aetna to pay for benefits under an ERISA plan, Plaintiffs may only seek to recover their benefits pursuant to ERISA. Plaintiffs admittedly recognize this fact by bringing their sole claim against Aetna pursuant to ERISA. Accordingly, Plaintiffs' sole claim against Aetna is completely preempted by ERISA and properly removable to this Court under the federal question doctrine.

**CONSENT OF CO-DEFENDANTS TO REMOVAL**

18. Generally, defendants in an action must consent to removal petition in order to effectuate removal. *See Northern Illinois Gas Co. v. Airco Indus.*, 676 F.2d 270, 272 (7th Cir. 1982) (citing *Gases Chicago, Rock Island, Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900); *P. P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547 (7th Cir. 1968)). A defective removal petition subjects the action to remand to state court. *Northern Illinois Gas Co.*, 676 F.2d at 273. "However, the requirement that all defendants join a removal petition is unnecessary for . . . parties not yet served." *Davis v. Averitt Express, Inc.*, No. CIV A 06 C 5793, 2006 WL 3883322 at *2 (N.D. Ill. Dec. 28, 2006) (citing *Roe v. O'Donohue*,

38 F.3d 298, 301 (7th Cir.1994) (*overruled on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, (1999); *see also Torres v. Ortega*, No. 92 C 4504, 1993 WL 62998, (N.D. Ill. Mar. 3, 1993) ("[n]amed defendants, not yet served in the state action, need not join the notice of removal") (citing *Northern Illinois Gas Co.*, 676 F.2d at 273)). A petition for removal filed by a defendant should explain the absence of co-defendants. *P. P. Farmers Elevator Co.*, 395 F.2d at 548 ("'[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served at the time of filing the petition.'") (quoting 1A Moore's Federal Practice ¶ 0.168 [3.-4]).

19. As of the filing of the instant Notice of Removal, the court record reflects Plaintiffs have served Aetna and Defendants Ludlow Community Consolidated School District 142, Pediatric Faculty Foundation and Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois ("BCBS") (*See* **Exh. B,** State Court Docket). Each of these Defendants have consented to this Notice of Removal. (**Exh. D**, Declaration of Craig A. Jacobson, ¶ 3-5). Accordingly, Aetna has properly obtained the consent of all known served defendants.

**OTHER REMOVAL REQUIREMENTS**

20. Aetna was served with process via an Alias Summons on July 28, 2021. (*See* **Exh. A**, at 1-6).

21. Aetna entered its Appearance in the Circuit Court of the 12th Judicial Circuit of Illinois, Will County on August 27, 2021 to effectuate the removal. No other documents have been filed in the state court action.

22. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all process, orders, and pleadings that have been filed and served in the underlying matter are attached hereto as **Exhibit A**. A copy of the electronic state court docket is also attached hereto as **Exhibit B**.

23. This Notice of Removal is timely filed within 30 days of service of the Alias Summons on July 28, 2021, as required by 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(d), this Notice will be sent to all parties and will be filed with the state court clerk's office. No hearing has been set in state court.

25. Pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure, Aetna will file a responsive pleading to Plaintiffs' Complaint within seven days of the date that this Notice of Removal is filed or will obtain a timely extension of the deadline to respond to Plaintiffs' Complaint.

## CONCLUSION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is one which may be removed to federal district court by Aetna pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiffs' claim against Aetna is brought under ERISA, which presents a removable federal question.

WHEREFORE, Aetna hereby removes this action from the Circuit Court of the 12th Judicial Circuit of Illinois, Will County to the United States District Court for the Northern District of Illinois. By filing this Notice of Removal, Aetna does not waive any defenses that may be available to it and reserves all such defenses.

Date: August 27, 2021

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: *<u>/s/ Craig A. Jacobson</u>*
Craig A. Jacobson, Illinois Bar No. 6277707
One North Franklin, Suite 800
Chicago, IL 60606
Phone: (312) 980-6784
Fax: (312) 565-6511
craig.jacobson@grsm.com
*Attorney for Aetna Life Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 27, 2021, a copy of the foregoing was filed with the United States District Court for the Northern District of Illinois via the Court's CM/ECF system. Copies were also served via Certified Mail upon the following:

Clerk of Will County Circuit Court
Attn: Andrea Lynn Chasteen
100 W. Jefferson Street
Joliet, IL 60432

Daniel A. Edelman
Tara L. Goodwin
Carly Cengher
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Ph: (312) 739-4200
Fax: (312) 419-0379
courtecl@edcombs.com
*Attorneys for Plaintiffs*

*/s/ Craig A. Jacobson*______________________
**CRAIG A. JACOBSON**