# EXHIBIT A

Service of Process

Date: 7/28/21

Time: 12:55 pm

Served by: Sandra Yade

Accepted By: Jessica Alicea
(Print Name)

Signature:

Service of Process

Date: 7/28/21

Time: 12:55pm

Served by: Sandra Yade

Accepted By: Jessica Alicea
(Print Name)

Signature:

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Will _____ COUNTY | **ALIAS SUMMONS** | For Court Use Only |
|---|---|---|

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | CHRISTINA BUSH and JOSEPH BUSH, in their own right and as parents of their infant daughter A.B., | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last nam* | |
| Enter the names of all people you are suing as Defendants/Respondents. | LUDLOW COMMUNITY CONSOLIDATED SCHOOL DISTRICT 142; HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD OF ILINOIS; QUALITY NETWORK SOLUTIONS INC. BENEFIT PLAN; AETNA LIFE INSURANCE COMPANY; PEDIATRIC FACULTY FOUNDATION, INC.; SILVER CROSS HOSPITAL AND MEDICAL CENTERS; and VISION FINANCIAL RECOVERY, INC. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | 2021CH000186<br>**Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1.** **Information about the lawsuit:**<br>Amount claimed: $ _____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* Edelman, Combs, Latturner & Goodwin<br>Street Address, Apt #: 20 S. Clark, Ste. 1500<br>City, State, ZIP: 60603, Chicago IL<br>Telephone: (312) 739-4200<br>See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last):* Aetna Life Insurance Company c/o C T Corporation System / *Aetna, Inc.*<br>Street Address, Apt #: 208 South Lasalle St. Suite 814<br>City, State, ZIP: Chicago, IL 60604<br>Telephone:<br>See attached for additional Defendant/Respondent contact information<br><br>A True Copy Attest:<br>Process Server<br>Sandra Yado |

| Important Information for the person receiving this form: | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.<br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: 2021CH000186

<table>
<tr><td>In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.</td><td>

**4.  Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: Will County Courthouse, 100 W. Jefferson St., Room A236
City, State, ZIP: Joilet, IL 60432
</td></tr>
</table>

<table>
<tr><td>**STOP!**
The Circuit Clerk will fill in this section.</td><td>

Witness this Date: 6/30/2021

Clerk of the Court: *Andrea Lynn Chasteen*

A True Copy
Attest:
Process Server
Sandra Yade
</td></tr>
</table>

<table>
<tr><td>**STOP!**
The officer or process server will fill in the Date of Service.</td><td>

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*
</td></tr>
</table>

<table>
<tr><td>**Plaintiff/Petitioner:**</td><td>To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.</td></tr>
</table>

<table>
<tr><td>**Attention:**</td><td>E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office.</td></tr>
</table>

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | CHRISTINA BUSH and JOSEPH BUSH, _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | LUDLOW COMMUNITY CONSOLIDATED SCHOOL _____ **Defendant / Respondent** *(First, middle, last name)* | 2021CH000186 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. |
|---|

My name is _____ and I swear under oath
*First, Middle, Last*
that I served the *Summons* and **Complaint/Petition** on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
Height: _____   Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐   Female: ☐   Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2021CH000186

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:** _____

_Signature_ _____

_Print Name_ _____

**FEES**

By certified/registered  $ _____

Service and Return  $ _____

Miles: _____  $ _____

Total  $ _____

STATE OF ILLINOIS    )
                       ) SS.
COUNTY OF WILL    )

**FILED**

WILL COUNTY CIRCUIT CLERK
MAY 19 2020
BY...........

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ADMINISTRATIVE ORDER NO. 2020-20

### REMOTE APPEARANCES IN CIVIL MATTERS

WHEREAS, the Court has entered Administrative Orders to authorize modifications to Court proceedings and protocols in light of the COVID-19 health emergency;

WHEREAS, the Federal government, State government and the Centers for Disease Control have issued Orders and recommendations that individuals maintain social distancing in order to reduce the spread of COVID-19;

WHEREAS, the Civil Division of the Twelfth Judicial Circuit wishes to use remote appearances in order to reduce the number of individuals having to appear in person before the Court;

THEREFORE, IT IS HEREBY ORDERED THAT pursuant to Administrative Orders 2020-08 and 2020-16, the Civil Division sets forth the following procedures for remote appearances in civil cases:

1. Until further notice, cases currently scheduled before the Court after May 31, 2020, shall be conducted by remote appearance via Zoom. The Circuit Clerk is Ordered to notify all parties of record.
2. This Order shall be served with all issued summons, including those issued with the filing of a new lawsuit.
3. Attorneys and self-represented litigants shall appear at the remote proceeding by Zoom or telephone. If a party is unable to participate by Zoom or telephone, the party is required to appear at the courthouse and comply with all face-covering and social distancing requirements.
4. The attached Remote Court Instructions are adopted included with this Order.
5. All participants are responsible for accessing and joining the Zoom proceeding. The Court will not contact the parties to join the proceeding.
6. All attorneys and self-represented litigants must provide and update e-mail address(es) and phone number(s) through the Circuit Clerk's website at www.circuitclerkofwillcounty.com.
7. All courtroom rules and procedures shall also be observed in all remote proceedings, including use of proper decorum, proper dress, and appropriate language.
8. Recording of these proceedings is strictly prohibited. The official Court record will continue to be created electronically by a certified court reporter.
9. Attorneys shall submit a proposed Order by the end of the business day through EFile IL.
10. Failure to appear, whether through the Zoom call or in person, may result in a default judgment.

This Order is effective immediately.

DATED THIS _19_ DAY OF MAY, 2020.

Richard C. Schoenstedt, Chief Judge

Circuit Clerk (Original)
Judges
State's Attorney
Will County Bar Associations

A True Copy
Attest:

Process Server
Sandra Yade

# <u>Remote Court Instructions for Participants</u>

Court in the Annex rooms A117, A129, A201, A227, A236, A311, Room 111 in the Main Courthouse, and Room 02 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

| <u>Meeting ID</u> | <u>Password</u> |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted). | Once you login, you will be asked for a password to join the meeting.<br><br>The password for each judge is listed below and will always remain the same: |
| J. Anderson (Rm A236) – 930 2919 0133<br>J. Jarz (Rm A311) – 919 7619 1672<br>J. O'Leary (Rm A227) – 556 881 0712<br>J. Osterberger (Rm 111) – 954 9877 7674<br>J. Petrungaro (Rm A117) - 992 7448 0487<br>J. Rickmon (Rm A201) – 959 2357 1680<br>J. Rossi (Rm A129) - 912 2466 3711<br>J. Allen (Rm 002) - 719 811 8159<br>J. Pavich (Rm 002) - 963 0988 4732 | J. Anderson (Rm A236) – 236236<br>J. Jarz (Rm A311) – 311311<br>J. O'Leary (Rm A227) - 227227<br>J. Osterberger (Rm 111) – 111111<br>J. Petrungaro (Rm A117) - 117117<br>J. Rickmon (Rm A201) – 201201<br>J. Rossi (Rm A129) - 129129<br>J. Allen (Rm 002) - 002002<br>J. Pavich (Rm 002) - 002002 |

<u>Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:</u>

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3. Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box may ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

<u>Procedure for using Zoom on cell phone:</u>

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box may ask for the password. Input the assigned judge's password.

6. Tap 'Join with video.'

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

<u>Procedure for using Zoom on a landline or phone without Zoom app:</u>

1.Dial one of the below US dial-in numbers:

| United States of America | +1 312 626 6799 |
| --- | --- |
| | +1 929 436 2866 |
| | +1 301 715 8592 |
| | +1 669 900 6833 |
| | +1 253 215 8782 |
| | +1 346 248 7799 |

2.

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

**The Judge may mute participants until their case is called.**

Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021CH000186
Filed Date: 8/13/2021 12:43 PM
Envelope: 13316450
Clerk: AHD

**IN THE CIRCUIT COURT OF THE 12ᵀᴴ JUDICIAL CIRCUIT OF ILLINOIS**
**WILL COUNTY**

|  |  |  |
|---|---|---|
| CHRISTINA BUSH and JOSEPH BUSH,<br>in their own right and as parents of their<br>infant daughter A.B., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| LUDLOW COMMUNITY<br>CONSOLIDATED SCHOOL<br>DISTRICT 142;<br>HEALTH CARE SERVICE<br>CORPORATION, d/b/a BLUE CROSS<br>BLUE SHIELD OF ILLINOIS;<br>QUALITY NETWORK SOLUTIONS,<br>INC. BENEFIT PLAN;<br>AETNA LIFE INSURANCE COMPANY;<br>PEDIATRIC FACULTY<br>FOUNDATION, INC.;<br>SILVER CROSS HOSPITAL<br>AND MEDICAL CENTERS;<br>and VISION FINANCIAL RECOVERY,<br>INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2021CH000186 |
| Defendants. | ) | |

## COMPLAINT – DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1.     This is an action by parents of a newborn to recover benefits under (a) a non-ERISA health plan of which the mother is a beneficiary and (b) an ERISA plan of which the father is a beneficiary. Both plans provided for automatic coverage of newborn infants, and between them should have covered essentially all of Plaintiff's expenses. Initially, one of the plans (the father's ERISA plan) began paying the claims. However, when it turned out that the newborn required expensive treatment in an intensive care unit, both plans decided that there was no coverage, claiming that either Plaintiffs or the medical providers had not provided necessary information. As a result, the medical providers are dunning Plaintiffs.

-1-

Initial case management set for
8/31/2021          at:  9:00          a.m.

2.     Plaintiffs know that they provided all information requested, and believe that the plan administrators are avoiding payment of proper claims for which they are liable under state contract law in the case of the non-ERISA plan (Count I) or ERISA in the case of the ERISA plan (Count II).  In addition, Plaintiffs assert claims under §155 of the Insurance Code (Count III) and the Consumer Fraud Act (Count IV) against the insurance company that administers the non-ERISA plan.

3.     Plaintiffs request that the Court declare their rights to benefits and order that their medical expenses be paid.

4.     Alternatively, if there is any basis to the administrators' contention that necessary information was not provided, the medical providers should be barred from seeking recovery from Plaintiffs (Count V).

5.     In addition, Plaintiffs assert a claim against a collection agency hired by one of the medical providers, for improper collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq. (Count VI).

## JURISDICTION AND VENUE

6.     Personal jurisdiction and venue are proper in this County because:

    a.     The medical treatment was provided in this County;

    b.     Defendants Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois; and Pediatric Faculty Foundation, Inc. do business in this County;

    c.     Silver Cross Hospital and Medical Centers is headquartered in this County;

    d.     The collection efforts complained of were directed to Plaintiffs in this County.

## PARTIES

7.     Plaintiffs Christina Bush and Joseph Bush are husband and wife and residents of Godley, Will County, Illinois. They sue in their own right and as parents of their infant daughter A.B.

8.     Defendant Quality Network Solutions, Inc. Benefit Plan is an ERISA plan offered to employees of Quality Network Solutions, Inc. The Plan Administrator is Quality Network Solutions, Inc., 111 East Jefferson Street, Sullivan, IL 61951.

9.     Defendant Aetna Life Insurance Company is an insurance corporation with offices at 151 Farmington Avenue, Hartford, CT 06156. It made coverage decisions under the Quality Network Solutions, Inc. Health Plan. It has offices at 333 W. Wacker Dr., Chicago, IL 60606.

10.     Defendant Ludlow Community Consolidated School District 142 is a school district with an address of 245 South Orange Street, PO Box 130, Ludlow, IL 60949.

11.     Defendant Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois ("Blue Cross"), is a corporation with offices at 300 E. Randolph St., Chicago, IL 60601.

12.     Defendant Pediatric Faculty Foundation, Inc., is a corporation. Its registered agent and office is Fatema Zanzi, 225 E. Chicago Ave., Box #261, Chicago, IL 60611.

13.     Defendant Silver Cross Hospital and Medical Centers is an Illinois corporation. Its registered agent and office is John Krepps, 1900 Silver Cross Blvd., New Lenox , IL 60451.

14.     Defendant Vision Financial Recovery, Inc., is a corporation organized under the law of Indiana with its principal place of business in Indiana. It does business in Illinois. Its registered agent and office is National Registered Agents Inc., 208 S. La Salle St., Suite 814, Chicago, IL 60604. It is engaged in the business of a collection agency, using the mails and telephone system to collect debts for others. It is a debt collector as defined in the FDCPA.

## FACTS

15.     On March 28, 2019, Mrs. Bush had a baby girl, A.B., at Silver Cross Hospital. (The child is referred to as Girl Bush or Girl C Bush on some documents.)

16.     The baby required hospitalization at Silver Cross Hospital during March and April 2019, including a stay in the neonatal intensive care unit.

17.     The baby required treatment by physicians associated with Pediatric Faculty Foundation.

18.     The cost of the necessary hospital and medical care exceeded $40,000, the vast majority of which has not been paid.

19.     Plaintiff Christina Bush was covered by a medical benefits plan obtained through her employer, Ludlow Community Consolidated School District 142 (Ludlow Grade School), and administered by Blue Cross Blue Shield.  A copy of the plan description is attached as Appendix A. On information and belief, the actual terms of the policy or plan are in Appendix B.

20.     Plaintiff Christina Bush's plan or policy expressly covered newborn children for 31 days.

21.     Plaintiff Joseph Bush was covered by a medical benefits plan obtained through his employer, Quality Network Solutions, Inc., and administered by Aetna Life Insurance Company.

22.     The plan expressly provided for coverage of a newborn for 31 days.

23.     A copy of the plan is attached as Appendix C.

24.     All charges should have been covered by the benefits plans.

25.     Both Blue Cross Blue Shield (Appendix D) and Aetna (Appendix E) originally paid some of the claims.

26.     In addition, Blue Cross Blue Shield issued several letters preapproving the services at

issue (Appendix F).

27.     However, by letter of May 27, 2020 (Appendix G) — over a year after the birth —
Pediatric Faculty Foundation, Inc., notified Plaintiffs that Aetna had reversed its payment and
denied all claims relating to the child's hospitalization, claiming there was some issue regarding
coordination of benefits with Blue Cross and that necessary information had not been provided.

28.     Plaintiffs then received a letter from Aetna dated May 21, 2020 (Appendix H) stating
that their claim was denied because " We previously asked you or your health care provider for more
information. We didn't get it."

29.     No explanation was furnished as to what information was missing until Plaintiffs
received a letter dated January 8, 2021 from Pediatric Faculty Foundation, Inc. (Appendix I),
claiming that Aetna had asserted that coordination of benefits information was not provided.

30.     This was not true.

31.     Plaintiffs had notified Silver Cross and Pediatric Faculty Foundation, Inc., of both
benefits plans and  provided all necessary information within their possession.

32.     On multiple occasions, Plaintiffs called both Aetna and Blue Cross in conference
calls, so that each knew of the other's coverage and any coordination problem should have been
resolved.

33.     Blue Cross made inconsistent statements to Plaintiffs regarding coverage during
these calls.  On one call Blue Cross said it would cover the child, on the next Blue Cross said it
would not cover the child.

34.     In addition, as noted above, Blue Cross had preapproved the services at issue.

35.     Plaintiffs did not receive any written notice from Blue Cross regarding claim denial
until January 15, 2021, when they received correspondence (Appendix J) stating that there was no

dependent coverage.

36.    This statement was false.

37.    This communication did not advise of any rights to further review or appeal.

38.    Plaintiffs have done everything required of them to perfect a claim under both plans.

39.    Any information or paperwork that was necessary to perfect a claim but was omitted was omitted by the medical providers, Silver Cross and Pediatric Faculty Foundation, Inc.

40.    As a result of the above, Blue Cross, on behalf of Ludlow Community Consolidated School District 142, and Aetna, on behalf of Quality Network Solutions, Inc., Benefit Plan, both refused to cover the child's hospital and medical care.

41.    Silver Cross hired Defendant Vision Financial Recovery, Inc., to dun Plaintiffs for the unpaid debt (Appendix K).

42.    Plaintiffs have appealed the failure of both plans to pay (Appendices L-M).  The appeals have been ignored.

43.    Any deadlines for filing an appeal have been extended as a result of the COVID-19 pandemic.

44.    On information and belief, the plan administrators are wrongfully attempting to avoid paying for an expensive hospital stay, and the denial of benefits was arbitrary and vexatious.

45.    In addition to the loss of medical benefit and damage to credit, Plaintiffs have suffered emotional distress and aggravation as a result of the conduct complained of.

### COUNT I – BREACH OF CONTRACT

46.    Plaintiffs incorporate paragraphs 1-45.

47.    This claim is against Defendants Ludlow Community Consolidated School District 142 and Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois ("Blue Cross").

48.     Defendants breached their contract / plan by failing to pay for the hospital and medical expenses at issue.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendants:

    a.     Declaring that Defendants are liable to cover the hospital and medical expenses at issue;

    b.     Ordering Defendants to pay such expenses;

    c.     Awarding appropriate damages;

    d.     Awarding costs;

    e.     Awarding such other or further relief as is appropriate.

## COUNT II – ERISA

49.     Plaintiffs incorporate paragraphs 1-45.

50.     This claim is against Defendant Quality Network Solutions, Inc. Benefit Plan and Defendant Aetna Life Insurance Company.

51.     The denial of benefits to Plaintiffs is inconsistent with the plan, arbitrary, capricious, and legally and contractually unsupportable, in violation of 29 U.S.C. §1132.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendants:

    a.     Declaring that Defendants are liable to cover the hospital and medical expenses at issue;

    b.     Ordering Defendants to pay such expenses;

    c.     Awarding appropriate damages;

    d.     Awarding attorney's fees, litigation expenses and costs (29 U.S.C. §1132);

e.      Awarding such other or further relief as is appropriate.

## COUNT III – 215 ILCS 5/155

52.     Plaintiffs incorporate paragraphs 1-45.

53.     This claim is against Blue Cross Blue Shield.

54.     215 ILCS 5/154.6 defines as an "improper claims practice" the following:

§ 154.6. Acts constituting improper claims practice. Any of the following acts by a company, if committed without just cause and in violation of Section 154.5, constitutes an improper claims practice:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(f) Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;

(g) Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;

(h) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(i) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(j) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs;

-8-

(k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

(l) Making a claims payment to a policyholder or beneficiary omitting the coverage under which each payment is being made;

(m) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;

(n) Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement;

(o) Failing to provide forms necessary to present claims within 15 working days of a request with such explanations as are necessary to use them effectively; . . .

(r) Engaging in any other acts which are in substance equivalent to any of the foregoing.

55.　Blue Cross' handling of the claim was vexatious and unreasonable, in that:

    a.　Blue Cross denied the claims of Plaintiffs without conducting a "reasonable investigation based on all available information" as required under Illinois law.

    b.　Blue Cross preapproved the services, paid for some of them, and then refused to pay.

    c.　Blue Cross made inconsistent statements regarding its intent to pay and any reasons for not paying.

    d.　If any information was missing, Blue Cross failed to provide notice thereof and failed to provide forms necessary to provide such information with such explanations as are necessary to use them.

    e.　Blue Cross failed to notify Plaintiffs of their appeal rights and ignored Plaintiffs' appeal.

56.　Blue Cross' actions constitute "improper claims practices" under 215 ILCS 5/154.6.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs for, in addition to the amount owed under the Policies at the time of judgment:

    a.    An amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiffs are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff.  215 ILCS 5/155.

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

## COUNT IV – ILLINOIS CONSUMER FRAUD ACT

57.    Plaintiffs incorporate paragraphs 1-45.

58.    This claim is against Blue Cross Blue Shield.

59.    Blue Cross Blue Shield engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, when it:

    a.    Preapproved the services, paid for some of them, and then refused to pay.

    b.    Made inconsistent statements regarding its intent to pay and any reasons for not paying.

    c.    Failed to notify Plaintiffs of what information was allegedly missing.

    d.    Failed to notify Plaintiffs of their appeal rights and ignored Plaintiffs' appeal.

60.    Plaintiffs suffered economic injury as well as emotional distress and aggravation as a result of such conduct.

61.    Plaintiffs suffered economic injury because had Blue Cross not engaged in such conduct, Plaintiffs' claims would have been paid by one plan or the other without the infliction of emotional distress and aggravation and without the need to file suit.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs for:

i.      Compensatory damages;

ii.     Punitive damages;

iii.    Attorney's fees, litigation expenses and costs of suit;

iv.    Such other or further relief as the Court deems proper.

## COUNT V – DECLARATORY JUDGMENT
## AND EQUITABLE RELIEF UNDER ILLINOIS CONTRACT LAW

62.     Plaintiff incorporates paragraphs 1-45.

63.     This claim is against Defendants (a) Pediatric Faculty Foundation, Inc., (b) Silver Cross Hospital and Medical Centers and (c) Vision Financial Recovery, Inc.

64.     This claim is in the alternative to Counts I-III.

65.     If the contention of the Defendants other than Pediatric Faculty Foundation, Inc., and Silver Cross Hospital and Medical Centers is correct and necessary information about the treatment afforded Plaintiffs was not provided, then Plaintiffs owe nothing to Defendants Pediatric Faculty Foundation, Inc., and Silver Cross Hospital and Medical Centers, which are estopped from collecting from Plaintiffs. *Mount Sinai Hosp. v. Kornegay*, 75 Misc. 2d 302, 347 N.Y.S.2d 807 (Civ. Ct. 1973); *New York City Health & Hosps. Corp. etc v. Gorman*, 113 Misc. 2d 33, 448 N.Y.S.2d 623 (Sup. Ct. 1982); *Knickerbocker Hosp. v. Downing*, 65 Misc. 2d 278, 317 N.Y.S.2d 688 (Civ. Ct. 1970); *Brooklyn Hosp. v. Criss*, 76 Misc. 2d 119, 349 N.Y.S.2d 488 (Civ. Ct. 1973); *Amsterdam Mem. Hosp. v. Cintron*, 52 A.D.2d 404, 384 N.Y.S.2d 225 (3d Dept. 1976).

66.     Plaintiffs are entitled to a declaration to that effect under Illinois law. *Tepper v. County of Lake*, 233 Ill. App. 3d 80, 598 N.E.2d 361 (2d Dist. 1992) (recipient of improper bill may sue for declaration that it is not owed); *Davis v. Bank of America, N.A.*, 20cv4816, 2021 U.S. Dist. LEXIS 13240, 2021 WL 243572 (N.D. Ill., Jan. 25, 2021).

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendants:

      i.      Declaring that Plaintiffs owe Defendants nothing;

      ii.     Enjoining Defendants from attempting to collect anything from Plaintiffs that would have been covered under the two plans;

      iii.    Awarding costs of suit;

      iv.    For such other or further relief as is appropriate.

## COUNT VI – FDCPA

67. Plaintiff Christina Bush incorporates paragraphs 1-45.

68. This claim is against Defendant Vision Financial Recovery, Inc.

69. On or about February 11, 2021, Defendant Vision Financial Recovery, Inc. caused a letter vendor to send Plaintiff Christina Bush the letter in Exhibit K.

70. The letter bears markings that are characteristic of one generated by a letter vendor.

71. In order to have the letter vendor send Plaintiff Christina Bush the letter in Exhibit K, Defendant Vision Financial Recovery, Inc. had to furnish the letter vendor with Plaintiff Christina Bush's name and address, the status of Plaintiff Christina Bush as a debtor, details of Plaintiff Christina Bush's alleged debt, and other personal information.

72. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff Christina Bush.

73. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

74. The sending of an electronic file containing information about Plaintiff Christina Bush's purported debt to a letter vendor is therefore a communication.

75.     Defendant Vision Financial Recovery, Inc.'s communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

76.     Plaintiff Christina Bush never consented to having her personal and confidential information, concerning the debt or otherwise, shared with anyone else.

77.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

78.     The letter vendor used by Defendant Vision Financial Recovery, Inc. as part of its debt collection effort against Plaintiff Christina Bush does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

79.     Due to Defendant Vision Financial Recovery, Inc.'s communication to this letter vendor, information about Plaintiff Christina Bush is within the possession of an unauthorized third-party.

80.     If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

81.     Defendant Vision Financial Recovery, Inc. unlawfully communicated with the

unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

82.     In its reckless pursuit of a business advantage, Defendant Vision Financial Recovery, Inc. disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

83.     Defendant Vision Financial Recovery, Inc. violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff Christina Bush's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

84.     Defendant Vision Financial Recovery, Inc. violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff Christina Bush to third parties not expressly authorized under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff Christina Bush and against Defendant Vision Financial Recovery, Inc. for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

     iii.    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Carly Cengher (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

-14-

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
     **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\37649\Pleading\Complaint with Vision_Pleading.WPD

A True Copy
Attest:

Process Server
Sandra Yade

-15-